P. H. BROWN et al. *v.* JOHN WELLS.

Officers — Constable — Failure to Return Execution Within Thirty Days —
Remedy — Damages — Failure to Pay over Money Collected on Execution
— Remedy — Damages — Jurisdiction of the Circuit Court — Demurrer.
Where a constable fails, without excuse, to return an execution for
more than thirty days after the return day thereof, the remedy is by
motion or suit on his bond, in the court in which the execution issued,
and the criterion of damages is 30 per cent. of the amount of the
execution.

Where a constable fails to pay over money collected on an execution,
after demand, the injured party may proceed by motion or suit on his
bond, and the criterion of damages is 10 per cent. on the amount of the
execution, with interest from the time of the demand, and costs. This
remedy is not restricted to the court from which the execution issued;
the proceedings may be in the Circuit Court although the execution
issued from a quarterly court, as the Circuit Court is a court of general
jurisdiction.

Demurrer — Record.
Where the record fails to show that the court below acted on a de-
murrer it will be presumed that it was overruled.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 16, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in the Daviess Circuit Court by ap-
pellee against appellants as the sureties of one Bodine on his
constable's bond.

It is alleged in the petition that on the 8th of November, 1862,
an execution issued from the Daviess quarterly court in favor of
appellee against G. W. and A. Gabbert for $86.36 with interest
thereon at *six per centum per annum* from the 1st of August,
1862, and fifty cents costs, directed to the sheriff, or any con-
stable of said county, and returnable to the 1st of March, 1863,
and was on the day it issued placed in the hands of said Bodine,
constable of said county.

The breaches assigned are:

First. That said Bodine failed to return said execution to the
office, whence it issued, for more than thirty days after the re-

turn day thereof; he having no reasonable excuse for such failure.

Second. That he had collected the amount of said execution from the defendants therein, as his return shows, and had failed to pay the same or any part thereof to Wells, although payment had been demanded on the 1st of May, 1863. And judgment is asked for the amount of the debt, interest, and costs, and for *thirty per cent.* damages thereon, and for all appropriate relief.

A demurrer was filed to the petition, which does not appear to have been formally disposed of; but it must be regarded as having been overruled, and no other defense having been offered to the action, a judgment was rendered against appellants for $91.74, with interest thereon at the rate of ten per cent. *per annum* as damages from the 1st of May, 1863, and costs.

Of this judgment Brown and Leman complain, and it is insisted by their counsel that the action was brought to enforce the remedies provided for in sections 3 and 4, article 18, chapter 36, volume 1, Rev. Stat., p. 493, but of which the Circuit Court had no jurisdiction, as it is therein expressly declared that the remedy given by these sections shall be by motion or suit *in the court whence the execution issued.*

This position it seems to us cannot be maintained; it is true that appellee prays for judgment against appellant for the amount of his execution, interest, and costs, together with thirty per cent. damages thereon; but it does not follow necessarily that because the fourth section of the Act, *supra,* fixes the damages against a defaulting sheriff or other like officer and his sureties at thirty per cent. for failing to return an execution to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for such failure, and appellee alleged in his petition that Bodine, the constable, had failed to return the execution described for thirty days after the return day thereof, and claimed thirty per cent. damages, that he was procuring under said act, the amount of damages claimed cannot be the only criterion to determine the particular remedy sought, when the plaintiff may have more than one.

Section 1, article 4, chapter 20, 1 Rev. Stat., p. 255, provides that any person injured by a breach of a constable's bond may at his costs prosecute an action thereon, etc., etc. The second section provides that a motion may be made, *or a suit prosecuted,*

against a constable and his sureties, or any of them, etc., for any money collected by him on an execution, order of sale, or fee-bill, or on any note, or account, or other claim put into his hands to collect, and which on demand he neglects to pay; and by subdivision two of the last named section, the plaintiff is entitled to recover the amount collected by the officer and interest from the time of a demand, and neglect to pay, and *ten per centum* damages thereon, and the costs of his motion.

The remedy given by this *section* is not restricted to the court whence the execution issued, and as the Circuit Court is a court of general jurisdiction, and the sum claimed exceeded $50 exclusive of interest, and the action was on the bond of the constable for a breach of a condition thereof, and the petition contained a prayer for general relief, that court properly took jurisdiction of the case, under the last named statute; but the judgment in the form and for the amount as rendered was not authorized by said statute, and consequently cannot be sustained. As appellants filed no answer, the allegations of the petition of the amount collected by the constable, and that payment was demanded of him on the 1st of May, 1863, and he neglected to pay the same, were thereby in effect admitted to be true, and appellee had a right to a judgment for the amount of the execution with interest thereon from the 1st day of May, 1863, until the rendition of the judgment, and ten per centum damages on the amount of principal, interest, and costs then due and unpaid, and his costs in the court below, but not to his debt *with interest at the rate of fifteen per centum per annum* from the last named date, as was adjudged by the court below. Subdivision 2, section 2, article 4, chapter 20, Rev. Stat., *supra.*

Wherefore, the judgment is reversed, and the cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.

*Ray & Hardin,* for Appellants.

*Sweeney,* for Appellee.